## GOLDTHWAITE *vs.* KEMPTON.

The defendant went upon the land of the plaintiff, and cut and carried away the grass there growing, and the plaintiff pointed out to him the boundaries of his land, and showed him where and how far he might cut the crop.—*Held*, that as the defendant's acts were done with the knowledge and assent of the plaintiff, he was not a trespasser, and that the plaintiff might maintain assumpsit to recover the value of the grass.

ASSUMPSIT. The first count stated a special agreement for the sale of a quantity of grass, then growing upon the land of the plaintiff, and the second was upon an account annexed to the writ, for the same cause of action. The plea was the general issue.

The plaintiff offered evidence tending to show that he had agreed with one Ephraim Kempton, 2d, for the sale of the grass for the sum of $14.00. This agreement was by parol.

There was also evidence offered by the plaintiff that E. Kempton, 2d agreed with the defendant to take the bargain off his hands; but there was no evidence that the plaintiff knew of or assented to any such agreement between E. Kempton, 2d and the defendant, except that the defendant went upon the land of the plaintiff, and cut and carried away the grass, and that while the defendant was thus employed the plaintiff pointed out to the defendant the boundaries of his land, and showed him where and how far he might cut the grass.

The defendant contended that he had purchased the grass of E. Kempton, 2d, and was answerable to him and not to the plaintiff; and he offered evidence tending to show an agreement between said E. Kempton, 2d and himself to that effect, and also to prove the bargain between E. Kempton, 2d and himself.

The court instructed the jury that if they believed there was an agreement between the plaintiff and E. Kempton, 2d for the sale of the grass, they should find for the defendant;

but if they found there was no such agreement, and found also that the defendant cut and carried away the grass under the circumstances before stated, they should find for the plaintiff.

' The defendant contended that even if there were no agreement between the plaintiff and E. Kempton, 2d, and the defendant cut and carried away the grass, still no action of assumpsit would lie, but that the remedy was by an action of trespass; but the court ruled that assumpsit would lie.

The jury found for the plaintiff, and the defendant moved to set aside the verdict, on the ground that upon the evidence an action of assumpsit would not lie.

*Burke,* for the plaintiff. The case as stated presents but one question for consideration, viz.: Upon the facts, (admitting, for the purpose of argument, that they amount to a trespass) can the tort be waived, and assumpsit brought for the value of the grass?

But before considering the question, it would be well to enquire whether the facts and circumstances make out a case of trespass against the defendant?

To constitute a trespass, the taking must be forcible. On this all the authorities agree.

But in this case the defendant took the grass with the consent of the plaintiff, who was present and pointed out to the defendant the boundaries of his land, and did not forbid the defendant to take the grass. It is, therefore, to be presumed that the taking was by his consent. It was, of course, no trespass.

It must, then, be a gift or a sale. The former is not pretended. From analogous cases we may infer that the taking was by contract, and that assumpsit would of course be the proper remedy.

Admitting the circumstances of the taking, carrying away and conversion, to amount to a trespass, can the tort be waived, and assumpsit brought for the value of the grass?

Goldthwaite *v.* Kempton.

This is the only real question (if any) raised by the case. The plaintiff contends that the tort may be waived and assumpsit brought. And on this point he referred to 1 *Ch. Pl.* 87 ; 3 *Watts* 277 ; *Willet* vs. *Willet, Bull. N. P.* 130 ; 1 *N. H. Rep.* 151, *Chauncey* vs. *Yeaton ;* 2 *Stark. Rep.* 321, *Oughton* vs. *West ;* 1 *Taunt.* 112, *Lightly* vs. *Clanston ;* 3 *N. H. Rep.* 272, *Munsey* vs. *Goodwin ;* 3 *Taunt.* 274, *Hill* vs. *Perrott ; Cowper* 375, *Hambly* vs. *Trott ;* 10 *Mass.* 433, *Cummings* vs. *Noyes ;* 3 *N. H. Rep.* 384, *Hill* vs. *Davis ; Selw. N. P.* 101 ; 1 *B. & Ad. Rep.* 240, *Oughton* vs. *Seppings.*

The principle seems to be settled, that where money has been received for the use of chattels tortiously taken, or for the value of the same when sold by the *tort feasor,* money had and received will lie. Woodbury, J., in *Chauncey* vs. *Yeaton,* 1 *N. H. Rep.* 151 ; *Bull. N. P.* 136 ; *Hill* vs. *Perrott,* 3 *Taunt.* 274.

Upon the same principle, when goods forcibly taken have been converted by the wrong doer to his own use, the tort may be waived and assumpsit brought. See *Willet* vs. *Willet,* 3 *Watts* 277 ; *Hill* vs. *Davis,* 3 *N. H. Rep.* 384. The case of Hill *vs.* Davis is in point, being stronger in its facts and analogous in its principles to the case under consideration.

It was assumpsit for a quantity of stone. The plaintiff agreed with the defendant to underpin the house of the latter, and the stone mentioned in the declaration were furnished for that purpose. But being unfit, they were not used, but were left near the defendant's house until the fall of that year, (1816) when the defendant built a dairy and put the same stones into it. In the fall there was a final settlement between the parties for the underpinning of the house. There never was any contract for the sale of the stone, but on the settlement the plaintiff said they were taken without his leave, and the defendant said they were worth nothing.

Ch. Jus. Richardson : " The cases to which we have alluded fully warrant us in holding that the defendant is not

permitted to say that he took them (the stones) by wrong and not by contract.

In *Hill* vs. *Perrott*, 3 *Taunt.* 274, the defendant got possession of the goods by fraud. The court said they would imply a promise to pay for the goods, from the fact of their having been the plaintiff's property, and having come into the defendant's possession.

The principle which governs the decisions in the cases cited, and upon which the argument turns in this case, is that the plaintiff may waive the tort and assume that the money or goods came into the hands of the defendant by contract; and to such a construction of his acts he should be the last to object, as in assumpsit he can be made liable only for the value of the goods taken; whereas, in an action for the tort he would be liable in vindictive damages. ·

*Edes*, for the defendant.

GILCHRIST, J. The verdict of the jury has settled the fact, that there was no agreement between the plaintiff and E. Kempton, 2d for the sale of the grass. It is, therefore, unnecessary to enquire into and determine the effect of a transfer by E. Kempton, 2d of his interest to the defendant, upon which supposed case the first part of the instruction of the court was founded.

Nor need we enquire whether an action of assumpsit would lie, upon the ground that the plaintiff might waive the tort committed by the defendant. It is manifest that all parties supposed that the defendant went upon the plaintiff's land by virtue of a contract made with some person having authority. The plaintiff might have supposed he was there, having agreed with E. Kempton, 2d that he would pay the plaintiff for the grass. Or if the evidence do not warrant the belief that the plaintiff knew at the time that such an agreement had been made, and if we suppose this position to be an after-thought of plaintiff's, then the plaintiff must

have thought that the defendant cut the grass as the agent of E. Kempton, 2d. On the other hand, the defendant probably considered himself as the owner of the grass, and liable to account for its value to E. Kempton, 2d or to the plaintiff.

There is, then, nothing to authorize the position that the defendant intended to commit a trespass. The evidence in the case tended to prove that he was actuated by better motives in his entry upon the land than he is now willing to have imputed to him, for the sake of defeating the plaintiff in this action. The jury having found that the plaintiff did not sell the grass to E. Kempton, 2d, the remaining facts are, that the defendant went upon the plaintiff's land, and cut and carried away the grass, and that the plaintiff pointed out to him the boundaries of his land, and showed him where and how far he might cut the crop. These facts constitute a sale and delivery of the crop by the plaintiff to the defendant, and show a liability by the defendant to pay its price to the plaintiff. The defendant was not a trespasser, for all he did was done with the knowledge and by the assent of the plaintiff. No tort having been committed, there is no tort to be waived, and the action of assumpsit was properly brought, and is maintainable upon this evidence, without inquiry into any other point.

*Judgment on the verdict.*